UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:18-cv-60331

AARON DONDE,
individually and on behalf of all
others similarly situated,

          **CLASS ACTION**

    Plaintiff,

          **JURY TRIAL DEMANDED**

v.

BED BATH & BEYOND INC.,
a New Jersey corporation,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Aaron Donde brings this class action against Defendant Bed Bath & Beyond Inc., and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his counsel.

**NATURE OF THE ACTION**

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Bed Bath & Beyond's knowing and willful violations of the TCPA.

2. Bed Bath & Beyond is is an American chain of domestic merchandise retail stores.

3. To boost its profits, Bed Bath & Beyond engages in unsolicited telemarketing, with no regard for consumers' privacy rights.

4. This case arises from the transmission of telemarketing text messages to Plaintiff's and other consumers' cellular telephones promoting Bed Bath & Beyond's goods.

1

5. Through this action, Plaintiff seeks injunctive relief to halt Bed Bath & Beyond's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily lives of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Bed Bath & Beyond. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of federal question jurisdiction and CAFA diversity jurisdiction are present.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Bed Bath & Beyond is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Bed Bath & Beyond provides and markets its goods within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Bed Bath & Beyond's tortious conduct against Plaintiff occurred within this district and, on information and belief, Bed Bath & Beyond has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, subjecting Bed Bath & Beyond to jurisdiction here.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

9. Defendant Bed Bath & Beyond Inc. is a New Jersey corporation with its principal place of business located at 650 Liberty Avenue, Union, NJ 07083. Bed Bath & Beyond directs, markets, and provides its business activities throughout the State of Florida.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12. The TCPA exists to prevent communications like the ones described within this Complaint. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15. In 2012, the FCC issued an order further restricting automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (F.C.C. 2012) (emphasis supplied).

16. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and [the plaintiff] having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. at 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71.

17. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

18. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

19. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii) & 47 C.F.R. § 64.1200(f)(12)); *In re Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. at 14098 ¶ 141).

20. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, ¶¶ 139-142 (F.C.C. 2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id.*

21. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. at 14014, ¶ 136.

22. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C.R. 7961, 7991-92 (F.C.C. 2015) (requiring express consent "for non-telemarketing and non-advertising calls").

23. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

24. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

25. On December 18, 2017 at 2:45 pm, December 27, 2017 at 2:50 pm, January 3, 2018 at 1:54 pm, January 22, 2018 at 2:46 pm, and January 30, 2018 at 6:27 pm, Bed Bath & Beyond, using an automated text-messaging platform, caused text messages to be transmitted to Plaintiff's cellular telephone number ending in 1612 (the "1612 Number"):



26. The text messages constitute telemarketing because they encouraged the purchase of goods at Bed Bath & Beyond.

6

27. Plaintiff received the subject text messages within this judicial district and, therefore, Bed Bath & Beyond's violations of the TCPA occurred within this district. Upon information and belief, Bed Bath & Beyond caused other text messages to be sent to individuals residing within this judicial district.

28. At no point in time did Plaintiff provide Bed Bath & Beyond with his express written consent to be contacted by text using an ATDS.

29. Plaintiff is the subscriber and sole user of the 1612 Number, and is financially responsible for phone service to the 1612 Number.

30. The impersonal and generic nature of the text messages demonstrates that Bed Bath & Beyond utilized an ATDS in transmitting the messages. *See Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016)("the generic, impersonal nature of the text message advertisements") (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner); *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725 at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

31. Specifically, upon information and belief, Bed Bath & Beyond utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Bed Bath & Beyond have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to

dial such numbers, *en masse*, in an automated fashion without human intervention.

32. Bed Bath & Beyond's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Bed Bath & Beyond's text messages also inconvenienced Plaintiff and caused disruption to his daily life. *See Patriotic Veterans, Inc. v. Zoeller*, No. 16-2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

## CLASS ALLEGATIONS

### PROPOSED CLASS

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

34. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message to their cellular telephone number by Bed Bath & Beyond, or anyone on Bed Bath & Beyond's behalf, using an automatic telephone dialing system, without emergency purpose and without the recipient's prior express consent.**

35. Bed Bath & Beyond and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

36. Upon information and belief, Bed Bath & Beyond placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Bed Bath & Beyond's call records.

### COMMON QUESTIONS OF LAW AND FACT

38. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Bed Bath & Beyond made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;
>
> (2) Whether Bed Bath & Beyond can meet its burden of showing that it obtained prior express written consent to make such calls;
>
> (3) Whether Bed Bath & Beyond's conduct was knowing and willful;
>
> (4) Whether Bed Bath & Beyond is liable for damages, and the amount of such damages; and
>
> (5) Whether Bed Bath & Beyond should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Bed Bath & Beyond transmitted text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Bed Bath & Beyond's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Bed Bath & Beyond. For example, one court might enjoin Bed Bath & Beyond from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)

44. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

45. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service ….” 47 U.S.C. § 227(b)(1)(A)(iii).

46. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n.23 (2007)).

47. Bed Bath & Beyond – or third parties directed by Bed Bath & Beyond – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

48. These calls were made without regard to whether Bed Bath & Beyond had first obtained express permission from the called party to make such calls. In fact, Bed Bath & Beyond did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

49. Bed Bath & Beyond has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

50. As a result of Bed Bath & Beyond's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)

51. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

52. At all times relevant, Bed Bath & Beyond knew or should have known that its conduct as alleged herein violated the TCPA.

53. Bed Bath & Beyond knew that it did not have prior express consent to send these text messages.

54. Because Bed Bath & Beyond knew or should have known that Plaintiff and Class members had not given prior express consent to receive its autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

55. As a result of Bed Bath & Beyond's violations, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff Aaron Donde, on behalf of himself and the other members of the Class, prays for the following relief:

   a. A declaration that Bed Bath & Beyond's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b. A declaration that Bed Bath & Beyond's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

   c. An injunction prohibiting Bed Bath & Beyond from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

    d. An award of actual, statutory damages, and/or trebled statutory damages; and

    e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Bed Bath & Beyond take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communication or transmittal of the text messages as alleged herein.

Dated: February 12, 2018

                                      Respectfully submitted,

                                      */s/ Avi R. Kaufman*
                                      Avi R. Kaufman (Florida Bar No. 84382)
                                      KAUFMAN P.A.
                                      400 NW 26TH Street
                                      Miami, Florida 33127
                                      Tel:  (305) 469-5881
                                      Email: kaufman@kaufmanpa.com

                                      *Counsel for Plaintiff Aaron Donde*